Okay, the next case on the support stocket this afternoon is Pedigo v. KK Holdings, LLP, 525-0743. Are you gentlemen here ready to proceed? Okay, is it up in camp? Yes. Okay. When you're ready, you may begin, sir. Thank you. May it please the court, counsel, my name is Heath Uppenkamp and I represent Rural King in this matter. I know that the caption of the plea didn't suggest it, but it's really Rural King. Is it still Rural King or is it the Big K? No, so Big K at one point split off from Rural King. So Rural King's the corporation that, at least up in my area, in Indiana and a little while to the south has the stores. Big K is a much smaller kind of split off. Okay, so it's still Rural King. It's still Rural King, yes. Well, we bring just one issue before the court today. It's the issue of whether a party may make a motion for prejudgment interest more than 30 days after a final judgment has been entered. We believe this is an issue of first impression, that neither party found a case where that question was presented to a court and answered directly. As a question of statutory construction, I believe the parties agree that the court's review is de novo. By way of background, there was a jury trial in this matter, and a jury verdict came back in favor of the plaintiff. Final judgment on that jury verdict was entered on April 1st, 2025. Time passed. On July 18, 2025, Rural King made payment on that final judgment plus post-judgment interest. Then on July 21, 2025, so approximately just short of four months after final judgment was entered, Ms. Pettigo filed her motion for prejudgment interest. Rural King objected to that and argued, as I will argue here before the court today, that the trial court lost jurisdiction to hear that motion because it was made more than 30 days after final judgment was entered. The trial court obviously entered an order in favor of the plaintiff for prejudgment interest as well. That is what is appealed from. Could the court in this case have entered an order in non-court time? I don't believe so, Your Honor. I believe in this particular case prejudgment interest is something that would have to be asked for. If it wasn't asked for. Does the statute say it has to be asked for or that it's required? It does not say it has to be asked for, but logically I think it would have to be asked for because there is a chance for the defense to say, but wait, I provided an offer. There would at least be a chance for a defendant to say, no, it's not appropriate. But what about opposing counsel's argument that under 1303 that the court shall add prejudgment interest and that this is ministerial in nature? Yeah. If the plaintiff had asked for it, I agree that the court would have been required to. No, but the language of the statute is shall, so in follow-up to Justice Schiller's question, you would have had a chance to oppose an opposed judgment order had this trial judge awarded prejudgment interest automatically under the statute, right? I mean, you want the opportunity to contest it, but it seems that the language of the statute is mandatory. Yes, Your Honor, and I would compare that to other statutes that say shall. The case that Roe v. King would point to most similar to this particular case, and again, I didn't address post-judgment or prejudgment interest, but it is most similar to what we have here, which is a statute that says the pervading party shall get its attorney's fees. And in that particular case, the court said, okay, we would have been required to give you the attorney's fees if you had asked for them. But because you asked for them more than 30 days after final judgment had been entered, you're not entitled to them. We can't modify the judgment more than 30 days after. Well, that's why I asked you if the court could have done that. I think the answer is no. I think the court lost jurisdiction 30 days after final judgment was entered. So you paid the judgment more than 30 days after it was entered. Correct. And you added post-judgment interest. Correct. Was that awarded by the court at the time of the entry of the judgment? It is not, Your Honor. It was not. And Roe v. King's argument is that prejudgment interest and post-judgment interest are not the same. Post-judgment interest can clearly be calculated without any argument whatsoever. We know it starts to run the day of final judgment, and it runs until the day you pay it. Prejudgment interest is not that way. The court would have to know what the amount of the offer was if one was made at all by the defense to make the calculation. The court wouldn't know that. The court couldn't award prejudgment interest on its own the day that it made final judgment because it doesn't know the circumstances of the case, which is why the plaintiff would have to ask for it. It's not a light court cause. That's exactly why it seems for us to impose a 30-day requirement is arbitrary. I mean, what you're saying is that we have to impose a requirement that the statute doesn't contain of 30 days. No. I suppose the relevant statute is a final judgment cannot be modified more than 30 days after it's entered. But then that brings me to this Rago case. I may be mispronouncing it, but it's considering prejudgment interest, though, as a separate claim. So in light of that, how does that fit in with this idea of the 30-day requirement? Right. I can get to that case. In the Rago case, the defendant filed its motion for prejudgment interest within 30 days of the final judgment. There was no suggestion or argument in that case that the motion for prejudgment interest was untimely. And, again, I think the case the court could point to is the case, the Illinois Department of Financial Regulation against Rodriguez. In that case, Mr. Rodriguez made the exact same arguments that Ms. Pettigrew is making. It's not with regard to prejudgment interest, but it is regarding — I was going to say that is not a prejudgment interest case. It's not, but it's still a statutorily required award that the court would have had to give had it been asked for. But in that particular case, in the Illinois Tollway case, you had to ask for it. It was clear you had to ask for it. In this case, the statute is silent on that. It says the word shall. Now, I recognize your argument that the court can't know unless it is requested. But the word shall, and as Justice Schover says, this is kind of an independent claim under the statute. So I'm not sure how we impose the 30-day limit is what I'm saying. I understand you can't modify the judgment, but this isn't really a modification. Yeah, that's what I would argue otherwise. It is a modification. And the language of the statute uses the word add. Add is a modification language. The statute itself — I'll get there, Your Honor. Do you think this is a modification of the judgment? I do, Your Honor. I suppose so. It is in my contrary to Rago. This Rago case says that it's — oh, I'm sorry, it was citing Wetzel, and said that basically the trial court's award of prejudgment interest was a ruling in a separate matter rather than a modification. So I'm trying to reconcile these things. I understand your point. I'm concerned, as Justice Cates has mentioned, about this imposition of 30 days. That's where my concern as well comes in. And we're adding something in that perhaps may or may not be that.  I suppose taken to its logical conclusion, then, a decade later, a plaintiff could say, oh, I forgot a decade ago for this prejudgment interest. Let me go back and get it. No, because you're going to get a release. When you pay that judgment, you're getting a release of all claims. And I'm not so sure that you could argue that the prejudgment — oh, let me back up. If we assume, as the one case says, that the prejudgment interest is a claim that's independent of your judgment, and you get a release once you pay the judgment, it would seem to me that you release the claim, all claims, against your client. Maybe I'm not practicing properly, but we would not get a release in this particular case. We would file a satisfaction of judgment that says we paid it. A satisfaction of judgment. And you wouldn't get a separate release? You would just file a satisfaction? Yes, Judge. Okay. Yeah, right. And maybe I should be doing it otherwise. But we would say we lost. You told us how much to pay. We paid it. That was it. And that would have happened in this case. And then — and it did happen in this case. And then there was the motion for prejudgment interest. I suppose if this court determines it's a totally separate — it's not a modification, then the court is going to agree with the plaintiff here. So — but let's discuss that. You don't believe it's a modification. And we have some language from this case that says it is. Tell me why you believe it's a modification. I believe it's a modification because the specific language from the statute says — I should — Sorry. There it is. To quote the statute, in entering judgment for the plaintiff in the action, the court shall add to the amount of the judgment interest calculated at the rate of 6 percent per annum, end quote. And it goes on to explain everything else. But the language add is modification language. It's not new judgment language. It's certainly a — this goes on. It's not unlike cost, right, the cost. They didn't ask for cost in this case. They could have. I don't think they could come back now and ask for cost, but maybe they could. If that's — it's just like prejudgment interest. You have to ask for it. I know that they would be entitled to it, but they didn't ask for it. They're not entitled to it now because the court can't modify its judgment to include that. Just like it can't modify its judgment to include prejudgment interest. I may have missed that language from the case. I know that that case was not about prejudgment interest that was asked for more than 30 days. If there was a — There wasn't a deadline on it, I believe. Okay. If there was some dicta language in there, but that case was not an argument about prejudgment interest being made after a request. I would agree with you that it wasn't — it's the 30 days that is the nuance. I understand. And that simply comes from the fact that I think we all agree a court loses jurisdiction to modify a judgment more than 30 days. Again, Wilkins' argument is this is a modification. And, again, the tongue language in the statute seems to suggest it is when you're adding something to a judgment. Perhaps the Rago case is — causes some confusion, but I don't think there's any contingency on the 30 days or discussion. It's the language that says interest is a separate matter rather than a modification of an earlier judgment. That's the crux, if you will, of this argument, is we have a case that says that. It's not a modification. And it doesn't relate to post-judgment interest, but it specifically relates to prejudgment interest, so that's my problem. If that is what the court held, we would disagree with that holding and ask the court to disagree with that holding as well. Do you have familiarity with that case, the Rago case? I only would have read it in the sense of was it applicable to what is happening in this case, in the sense it wasn't a request for prejudgment interest made more than 30 days after final judgment. So I distinguished it in that regard and moved on. Okay. Again, I know it's not prejudgment interest, but it's the exact same principle with regard to statutory attorney's fees. Well, but you also mentioned costs, and there was a citation by the appellee that costs are awarded after 30 days, and they cite some case law. What would you say about that? I would disagree with that. You don't think the case – I mean, they've cited FH Prince and Company? Right. In our reply brief, I believe I laid that out, but I would say that's not what those cases did. I disagree that that's what those cases did. And you would rely on your reply brief in that regard? To distinguish every case – in our reply, we distinguish every case and do not believe they, in fact, stood for what Ms. Pettigrew argued that they stood for. Do not believe that they did. Okay. Questions? Questions? Did you have anything further? I don't, Your Honor. You will have some time afterwards to respond to his argument, so we'll see what he has to say. All right. Thank you. Thank you for putting up with us. Okay. Mr. Evans? May it please the Court, Counsel, Josh Evans for Mrs. Pettigrew. The questions were a great place for me to start. We're not asking for a ruling from this Court that a plaintiff or a plaintiff's attorney can come back decades after a case and say, oh, we forgot a damage category. The cases that we cite distinguish between interests. The Rossi decision in particular was kind of a similar case in our state where they talked about pre-judgment and post-judgment interest. What Wood King is asking to do is attack pre-judgment interest, and they're veiling it in the clerical process, and they're asking you to impose upon a plaintiff a 30-day requirement for that interest to be awarded. What's being left out is you go to verdict. In this case, it was $35,000. It was not a huge verdict by our probably standards you see in these cases. After the jury enters its verdict, the Court then takes the case. Counsel leaves the courtroom, and Counsel starts discussing the resolution of the case. This is not a situation where Wood King proposed a settlement that said we'll pay you the judgment and the post-judgment interest in contemplation of a settlement in this case. What they did was they tendered a check with the judgment amount, the $35,000, plus the post-judgment interest from April 1st until July 18th, whatever that amount would be, something like $900, I believe. And now they're making the argument that they don't have the responsibility to pay the other half of Section 1303, which is the pre-judgment interest. And they're, I would posit, without authority, saying that the justices should hold the plaintiff to a standard that hasn't been outlined in the statute, which enables plaintiff that right. So I would simply request the Court uphold 1303 as written. We're not creating new categories of damages. We're not creating new proceedings. The post-judgment interest statute and the pre-judgment interest statute articulate rights that the plaintiffs have as soon as they get a judgment. Why would you wait so long? The notion that Ms. Pettigrew waited to assert her interest rights, I think, is somewhat mischaracterizing what happened. Because after the judgment was entered, counsel for Rule King and plaintiff's counsel, myself and co-counsel, were discussing the resolution of the case. There is no statute that requires us to file within 30 days or ever file for that. If Rule King would have sent us a letter saying, sign the satisfaction of judgment, here's the check, don't cash the check until you file the satisfaction of judgment, they would have an argument that we waived pre-judgment interest. They didn't do that here. To your point, I forgot, Justice Scholar or Justice Case, who brought it up, but the notion that we could come back later after we would have filed a satisfaction of judgment or given them a release, it's nonsensical. It just doesn't compute. The cases talk about interest. I'm not even talking about pre and post. Interest is interest. Interest preserves the judgment itself.  So I can see your argument of, I'm thinking that they're entitled to finality. The defendant is entitled to finality. And I asked about a release, but what you're saying is, you wouldn't have signed the satisfaction of judgment because you still had pre-judgment interest to request. So the judgment wouldn't have been satisfied until that was paid. Yes. If they had somehow went into my trust account and deposited $35,000 plus $900 into my trust account without me knowing about it, they would still owe pre-judgment interest. They would still owe this woman $3,000 in pre-judgment interest. Because the right to that interest isn't imposed by me or Rural King or even the judge. It's a ministerial act to bring finality to the case. Again, if I waive it by giving them a release or filing a stipulation for dismissal, that is the finality. Rural King's remedy here, if they believe I, as Mr. Eppenkamp said, if they had made some offer that would cut off pre-judgment interest like the statute calls for, the hearing that we had was the hearing where they would present that and the court would rule whether that statute applies or not. But it's an obligation on you is what I'm trying to get at, to file a motion or request relief to the court in some form or fashion within 30 days or some time frame. The obligation is if Rural King goes to court and says we paid the judgment and these people won't give us a satisfaction of judgment, then I have an obligation. Because the court's going to look at me and say, why aren't you signing the satisfaction of judgment? They have a right to it if they've paid it. Here what happened was we went two months after they tendered a judgment and a post-judgment interest amount. We went into court and the court said, hey, wait a second, Rural King, you didn't pay the pre-judgment interest. And that's due automatically. As you pointed out, it says shall in the statute. The court shall add that to the plaintiff's case. There is no timing requirement in the statute, but that doesn't mean practically the defendant does not have process. We're sitting here at the defendant's process. They had a hearing before the court where they could articulate if, in fact, they had the right to cut off pre-judgment interest through some settlement offer that was rejected or something along those lines. Yeah, my concern is had this gone on appeal on a different issue, on an evidentiary issue, for example, and maybe this is a better question to ask Rural King. But the judgment would have been entered on a certain date, and then we would have had the appeal. Pre-judgment interest would have been running up until that time the appeal is over, right? No. No, it would end once the judgment is ended, right? Then we would be in post-judgment interest. That's right. Okay. And where we stand right now is we had a hearing. The pre-judgment interest was reduced down to a judgment. Right. And now we have post-judgment interest running on that. And that's the General Motors case we cited. But I want to ask you about that. Sure. I don't know that this statute contemplates what you're asking. With respect to your question, and I'm not trying to answer it with a question, but I'm just speaking out loud. Why would Rural King ever pay voluntarily a pre-judgment interest amount unless there was some way to collect it? And the way to collect it, I could freeze their bank account. Just normal collection stuff. Yeah, but what you've asked for is post-judgment interest on the pre-judgment interest judgment. I don't think that the pre-judgment interest, as we've just described, is a separate cause or claim, if you will. But it's related to the original judgment. And the purpose of these pre- and post-judgment interests is to preserve that judgment. Not to give you a new judgment that you can then collect post-judgment interest on. I understand your position. My retort is simply, if an attorney or a litigant gets a sanctions order against Rural King, and Rural King says we'll never pay that, the court enters a judgment, an order saying you have to pay $1,000. And the other litigant says, I'm never going to pay it. It probably happens in family court all the time. There has to be some mechanism to preserve the value of that new judgment. Something that was created in the proceeding. And that's the point I'm making with respect to the... And what is that? What is the mechanism? That's going to be the post-judgment interest because now we have a judgment It's a judgment on the contempt proceeding. That's correct. And you got a judgment on your negligence case. And so the post-judgment interest went to the negligence judgment not to the pre-judgment interest judgment. I totally accept what you're saying. You generally don't get sanctions on your sanctions. Is that true? What I'm articulating is what I would consider a natural reading of the pre-judgment interest statute. You don't get interest on interest. Post or pre. Exactly right. And that's what you're asking for. Well, what I'm asking for is the court to uphold the trial court's award of pre-judgment interest. I'm making the note in this case because I think it's important that the general motorist decision at least my interpretation of it, and I give it a tax case and we dealt with taxpayers' money, but it was an interest that was reduced down to a judgment. And the court said, wait a second, now you have a judgment which is earning interest, which is exactly what we have here. Because pre-judgment interest is a right that the plaintiff has. It's not created. It's a ministerial right that the plaintiff has. But the court then reduces that down to a judgment. And so the only thing novel I believe about this case and this proceeding is not whether Ms. Pedigo is entitled to the $3,000 of pre-judgment interest. I believe that's automatic under the statute. I think the interesting question here is if you have a corporate defendant or any defendant that refuses to pay that right, and the court enters a judgment against that litigant, does that judgment then garner interest? And I had cited the general motorist decision. Again, I know it's not 1303, but it is interest that the court says now that this judgment has been entered, interest is running on the judgment. Do you take the opinion that your opposing counsel takes that he's entitled to a hearing on the issue of pre-judgment interest so that the award can be made? I believe they are entitled if they want to contest the pre-judgment interest or the post-judgment interest. Let's just stick with pre-judgment interest. Sure. When you say they refuse to pay pre-judgment interest and you get a judgment, don't they have a right to have a hearing and perhaps refuse to pay until that hearing occurs? I believe so, yeah. I believe they have. Then why would you get judgment on the, yeah, post-judgment interest on your pre-judgment? Not until that hearing is held. The court then reduces that pre-judgment interest to a number. That becomes a judgment in order. Once that happens, if they refuse to pay, after they've had a hearing, if they refuse to pay that, they're not refusing to pay pre-judgment interest anymore. They're refusing to pay a judgment order from the court. Okay. Is that what happened in this case? That's what happened in this case. So their refusing to pay would include the appeal of the pre-judgment interest order. That's correct. So you want post-judgment interest to run on the pre-judgment interest award. I want post-judgment interest to run from August 12th, I believe, is the hearing. On the total balance, the balance of the judgment and the pre-judgment interest. No, just the pre-judgment. This is almost akin to like a child support obligation. Those judgments are judgments. Each one of them is applied to the judgment. You don't get interest on the interest. I mean, that's where I'm having a really hard time. And that's been 10 years since I testified in the case. No, it just dawned on me. But at a certain point in time, the child support case comes back up to you and there's a child support obligation, there's interest. And then you roll that into a judgment against the child support obligee. Is that the right? Obligee. The person who owes the child support. You don't get interest on your interest, though. You have an underlying judgment and then you have your percentage, your statutory percentage that's a shall. So I'm more following the interest on the interest provision. What I'm relying upon is that General Motors decision where they had a judgment on interest, there was interest owed, and they're saying now you have a judgment and now you have post-judgment interest on that judgment because we're not worried about interest however the interest was accrued, statutory or otherwise. Let me go back to the timing of your request for your pre-judgment interest, though. What was the timing of your request for pre-judgment interest as it related to the payment that you received? So the verdict was entered, I believe, April 1st. Two months later, we get a tender of the $35,000 plus the $900,000. We correspond and say, hey, there's no pre-judgment interest in this tender. You're not getting it. We don't, you know, whatever the however you want to phrase that. And then we go to court and say, judge, this is what we're asking for. We're not asking for the judgment. We're not asking for post-judgment interest. All that's left to pay is the pre-judgment interest. The court then comes and says, are we fighting the amount or are we fighting some other reason? And what was articulated is, we think they have to ask for it within 30 days. Okay, so you're not saying you were sitting on your hands or anything while this was pending? There was no benefit to us because it's not like post-judgment interest where we're accruing 9% every month. The pre-judgment interest is set. If I came back 15 years, it would be the same amounts. And what about that? Do you think that that's well, no, it wouldn't happen because under your scenario, you would not sign a satisfaction of judgment that would force the issue before the court. And there's a five-year cap on pre-judgment interest anyway. So the most you could ever get would be five years of pre-judgment interest if you delay the trial. Right. And where do you get the five years? The statute, the 1303. It's like the last sentence of 1303C. But that's a little different than sitting on your hands though. It maxes out. If the case takes a very long time, you're maxed out at five years. Yes, I just kept continuing the case along for six years. Correct. Which happens. That happens a lot. Not by me, hopefully. But I think what Justice Katzen is getting at in my experience, you were waiting for payment. When you get payment, you don't get what you perceive to be your full payment, and then you file. You would file a satisfaction of judgment if you got payment in full. Because you're treating it as a... Exactly what I said. I wasn't doing a very good job. I was misunderstanding. Thank you for your time. Okay, thank you very much. Mr. Upington? You see, we're a very active court. What's that? We're a very active court. I enjoy it, Your Honor. So you know we're going to ask you about interest on interest. Yes. I don't have a... I really didn't even address it in my reply brief. I don't really have a position on it, I suppose. Well, that's interesting. Well, because if the court treats it as a new judgment, which I am saying it is not. It's a modification of a judgment, and that's Royal King's position. Because I believe if the court says, this is a new judgment, it rebuts most of what we're arguing. We believe it's a modification, and we believe the other cases, and again, Your Honor... I know the language specifically from the Rego Machine Products case, is interest is a separate matter. So it could be a claim that's not independent, but related to. And as I understand pre- and post-judgment interest, it's to preserve the integrity of the underlying judgment. So I don't see it as a separate cause of action, if you will. Right. And if it's not a separate cause of action, you can't modify the original judgment after... Well, I think if it's related, and this is where I think the law is a little murky, if it's related, a related matter that they're entitled to, I think he made a good point that you couldn't file a satisfaction of judgment unless he signed off on it, right? I guess I disagree with that. I could file a satisfaction of judgment. He could file an objection to it. Oh, absolutely. I don't believe in any satisfaction of judgment I've ever filed. I get the other side's signature. But again, I agree. Even if you didn't, I mean, he could object saying... And you don't dispute the fact that you and he were going back and forth about pre-judgment interest? Or do you? I don't. Yeah, I'd have to look that up. I don't recall any communication about pre-judgment interest. Okay, that's fair. I don't recall. I don't want to be dishonest about that either. If there was, then I don't recall it. That's fair. I was considering what Your Honor had said earlier about the difference between the request for statutory attorneys fees and maybe a request for pre-judgment interest, because I view those as essentially the same thing. A statute absolutely allows for them, but you have to ask for them. And you have to do it within 30 days, which is what that Department of Financial Regulations says. I think that's true under the divorce marital act. You don't have to ask for attorney fees within 30 days, do you? I don't believe so. I don't believe so. The reason we have to ask, as I understand it in Illinois, is we follow the American rule, which you don't get attorney fees unless there's statutory authority or it's in the contract. There has to be some exception to the rule, but the general rule is no fees. Right, so Your Honor, in that particular case, right, the plaintiff had invalidated a provision of the code and the code says, if you invalidate a provision of the code, you get your attorney's fees. That's it. In this record, the case you're referring to is Illinois Department of Financial and Professional Regulations v. Rodriguez, 983 NE2D 985, in my reply brief. And what happened in that case is, and the statute doesn't say you get your attorney's fees if you ask for them within 30 days. It just says you get your attorney's fees. If you invalidate the statute, you get it. So he files a year after he invalidates it, after final judgment, and he argues that the court retains indefinite jurisdiction to hear a petition for fees. They're arguing the court retains indefinite jurisdiction to hear a petition for prejudgment interest. I don't think that's what he's arguing, though. I think what he's arguing is, he gets up until the time of payment of the judgment to make that argument. So if you delay payment, he gets to continue to argue for fees until you have satisfied the judgment, which would include post-judgment interest. That's a big difference. Do you see my point in that? I suppose I see your point. I mean, I think that's what he's arguing. He's not arguing unlimited opportunity. He's arguing payment of the judgment or satisfaction. I don't know how that would be distinguishable from a statute that allows attorney's fees. But they're about to tell me about the case where they didn't allow a year. Correct. I see my time is up. May I finish? That's okay. But what I'm saying is, what I think he argued is that the payment of the prejudgment interest actually depends on the conduct of the defendant. Because if the defendant tenders payment two years later because you're arguing about it, he still gets to argue two years later because you haven't satisfied the underlying judgment. There was a judgment. It was on paper. But you didn't pay it. Absolutely. No, but what I'm saying is his argument is that he can ask for it up until the time you tender full payment, which would include pre-judgment and post-judgment interest. I would strongly disagree with that. I understand. We haven't tendered the cost. We didn't calculate them up on our own and say, here's the cost on this case, too, because you would be entitled to them if you asked for them, which they would have been. They can waive them. Well, I just don't think that they can't ask for them now. 30 days have passed. Court lost jurisdiction to modify the judgment. I think it's well settled that with regard to court costs, the filing fees, the stuff they would have been entitled to, they couldn't come back now. I don't know how that would be any different. And he could say, well, you didn't pay that when you sent me the check. Is there a case that you could cite or did cite that talks about the payment of costs and fees? That's an issue that I hadn't thought about, actually. Of court costs, like the filing fee? After 30 days. I didn't. Are you aware of any case that might say that? Well, in federal court, there's... We're not in federal court. I understand, but I believe it would... I believe we follow the same rule. Off the top of my head, I would not be able to cite one. I know in every... We do pledger's work, other than Roe King defense work. Every other time we file a bill of costs. Any other case I've had where the party is seeking it, you file that bill of costs within 30 days. I've always practiced with the impression if you don't, you don't get it. You file a bill of costs in Illinois or Missouri? Illinois. That's how we get... For us, that's how we get our costs. After the jury trial has finished, we file a bill of costs saying, here's our costs. This is what we're seeking in addition to the... Please modify the jury verdict to include these costs. But we have to do that within 30 days. And I think maybe I've opened myself up to the fact that when I walk out of here, and there will be a nursing tomorrow for the court costs as well. We'll be back again. My guess is there are cases on that that would say you can't do that. Because that's a maybe a more commonly sought remedy. It may be that you're right. It may be an analysis situation that is worth looking at. Let me ask you this. Do you have anything else you'd like to say to us to conclude? Okay. Thank you very much. Thank you all. Thank you both for your arguments here today. It's an interesting and novel issue for the court. We will take the matter under advisement and we will issue an order in due course.